IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL COOLER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>COMANCHE COUNTY DETENTION )<br>CENTER, *et al.*, )<br>)<br>    Defendants. ) | Case No. CIV-06-997-D |

## **REPORT AND RECOMMENDATION**

Defendants Bage, Guthrie, Oliver and Williams served discovery requests, and the Plaintiff failed to respond to the requests or the Court's subsequent orders. Relying on the failure, these defendants seek dismissal as a sanction. The Court should grant the motion and dismiss the action with prejudice.

An action may be dismissed as a sanction for failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) ("The court's discretion includes dismissing a case for discovery violations." (citation omitted)). The pertinent considerations include:

- the actual prejudice to the Defendants,

- the level of interference with the judicial process,

- the Plaintiff's culpability,

- the existence of prior warnings that dismissal would likely result from noncompliance, and

- the "efficacy of lesser sanctions."

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 918, 921 (10th Cir. 1992).

The Plaintiff violated a discovery order through a failure to answer interrogatories or produce documents which were originally due almost four months ago. Mr. Cooler's lack of responses has seriously prejudiced the Defendants' ability to defend against the claims.

For example, Mr. Cooler alleges that while at the Comanche County Detention Center, officials ordered him to clean a shower without proper protective gear. He was then allegedly injured when cleaning chemicals splashed into his eye. According to the Plaintiff, he was refused proper medical treatment. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (Sept. 14, 2006).

The discovery requests relate directly to these allegations, efforts to administratively exhaust the claims, and damages. For example, the moving defendants served interrogatories and document requests involving:

- medical treatment for the injuries,
- itemization of damages,
- administrative complaints,
- witnesses to the incidents,
- description of how the chemical splashed into the Plaintiff's eyes,
- identification of the federal law allegedly violated, and
- other evidence supporting the Plaintiff's claims.

*See* Defendants' First Set of Interrogatories at pp. 5-8 (served Mar. 23, 2007); Defendants' First Set of Requests for Production of Documents at pp. 4-6 (served Mar. 23, 2007).

Answers to these discovery requests are critical for the Defendants to respond to the Plaintiff's claims. Without responses, the Defendants cannot adequately prepare a defense.

The Plaintiff's discovery responses were originally due April 25, 2007. The Defendants sought informal compliance; and when the Plaintiff again failed to respond, they filed a motion to compel. The Court ordered Mr. Cooler to respond to the motion, and he again failed to respond.

The Court granted the Defendants' motion to compel and ordered a discovery response by July 18, 2007. In the order, the Plaintiff was warned that failure to comply could result in involuntary dismissal of the suit. The Plaintiff again failed to respond and the Defendants sought dismissal. Even then, the Plaintiff failed to respond. To date, Mr. Cooler has not served discovery responses, responded to the Court's orders, or addressed the motion to dismiss.

Because Mr. Cooler is *pro se*, the failure to respond lies directly with him.[1]

Lesser sanctions would be inappropriate. One potential option involves additional time for Mr. Cooler to respond to the discovery requests. But in light of past noncompliance after repeated warnings, this option would be futile and an extension to respond would serve

---

[1] *See Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("though courts naturally go more slowly in using dismissal as a sanction in the case of pro se litigants, such litigants have no license to flout a court's authority wilfully" (citation omitted)); *see also Steiner v. Concentra Inc.*, 195 Fed. Appx. 723, 727-28 (10th Cir. Aug. 31, 2006) (unpublished op.) (the plaintiff's *pro se* status did not excuse repeated failures to respond to court orders).

only to prolong the litigation. Another option would be a monetary fine; however, the Plaintiff is proceeding *in forma pauperis*. Thus, a monetary fine would likely prove ineffective.

Because of Mr. Cooler's noncompliance with discovery orders, the Court has had to extend the summary judgment deadlines to give the Plaintiff additional time to respond to the discovery requests. The Defendants are now left without any time to seek summary judgment and remain without any responses to fundamental discovery requests involving Mr. Cooler's claims. The only effective sanction would be dismissal with prejudice of the claims against Defendants Bage, Guthrie, Oliver, and Williams.

Mr. Cooler can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by September 15, 2007. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is terminated.

Entered this 24th day of August, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge