IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL COOLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-997-D |
| | ) | |
| COMANCHE COUNTY DETENTION CENTER, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
ON THE CLAIMS CONCERNING THE
COMANCHE COUNTY DETENTION CENTER
<u>MEDICAL OR NURSING DEPARTMENT</u>**

Mr. Samuel Cooler challenges the conditions of his confinement at the Comanche County Detention Center ("CCDC") under 42 U.S.C. § 1983. One of the defendants is an entity identified by Mr. Cooler as the "Comanche County Detention Center Medical or

Nursing Department."[1] The Court should summarily dismiss[2] the claims against this entity because it lacks capacity to be sued.

I.      Standard for Dismissal

Dismissal for failure to state a valid claim is proper if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

II.     Capacity to Be Sued

Capacity of the medical or nursing department is determined by the law of the state in which the federal district court is located. *See* Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12 § 2017(B). This Court has already held that the

---

[1]     In the body of the complaint, Mr. Cooler identified a defendant as "Comanche County Detention Center Medical or Nursing department." In the form complaint, Mr. Cooler was asked to identify the "employer" of the defendant. Mr. Cooler answered: "R.N. or P.A./Wanda Oliver/Dr. Frank Williams." The undersigned has separately addressed the claims against Ms. Oliver and Dr. Williams. Liberally construed, however, the complaint suggests that Mr. Cooler had also intended to sue the medical or nursing department of the CCDC. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1229 n.5 (10th Cir. 2005).

[2]     The Plaintiff is appearing *in forma pauperis*. *See* Order Granting Leave to Proceed *In Forma Pauperis* (Sept. 18, 2006). Therefore, the Court should independently review the causes of action to determine whether they are subject to dismissal for failure to state a valid claim. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) (2000); *see also* Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) (2000) (authorizing *sua sponte* dismissal for failure to state a valid claim when a prisoner sues under federal law with respect to prison conditions).

CCDC lacks capacity to be sued. Order (July 10, 2007). *A fortiori*, the medical or nursing department of the CCDC also lacks such capacity. As a result, the Court should summarily dismiss the claims against the "Comanche County Detention Center Medical or Nursing Department."

III.  Notice of Right to Object

The Plaintiff can object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Clerk of the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is September 13, 2007. *See* W.D. Okla. LCvR 72.1. The failure to timely object would waive the Plaintiff's right to appellate review of the recommended dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

IV.  Status of the Referral

The referral is terminated.

Entered this 24th day of August, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge